LAMBERT C. WARNER v. JOSEPH P. READING, OVERSEER OF ROAD DISTRICT NO. 11 IN DELAWARE TOWNSHIP, HUNTERDON COUNTY.

In a township which has elected to maintain its roads *by hire*, and which has omitted to raise sufficient road money to open and work a public highway newly laid out therein, there is now, since the repeal of section 56 of the Road act, by the supplement of March 23d, 1883, (*Pamph. L., p.* 165,) no power in the overseer of the road district

to which such road is assigned, to do such work or to compel the same to be done; consequently no duty is devolved on him in respect thereto, which will be enforced by *mandamus*.

On rule to show cause why a *mandamus* should not issue commanding said overseer to open and work a public highway.

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the rule, *R. S. Kuhl.*

*Contra, J. N. Voorhees.*

The opinion of the court was delivered by

MAGIE, J. Upon this rule to show cause it is conceded that the public highway which relator seeks to have opened and worked, has been duly laid out. It is admitted that it has not been worked or prepared for public travel. But the overseer of the road district, in the limits of which this road is situated, insist that a *mandamus* directing him to open and work the road, ought not to issue because no duty has devolved on him in respect thereto.

The evidence discloses that the work sought to be done will cost about $1200. The share of road moneys assigned to this overseer for the roads in his district was only $95. This amount was raised for ordinary road purposes. The town meeting is said to have refused to raise additional road moneys. The road in question was afterward assigned to this district.

It is obvious that the overseer cannot do the required work with the money furnished him, if it could be used for that purpose. *Whitenack* v. *Bernards*, 10 *Vroom* 60. Nor has he power to do the work upon the credit of the township. *Callahan* v. *Morris*, 1 *Vroom* 160.

It is further shown that in the township of Delaware the

inhabitants have determined, in the manner provided for in section 51 of the Road act, (*Rev., p.* 1006,) to work the roads by hire. In such case that act provided (by section 56) that if the township failed to furnish the overseer with sufficient money to do the required work on highways, then the overseer might do the work in the manner in which it would be done in a township which maintains its highways by labor, *i. e.,* by warning out the inhabitants to work on the highways. If this section remains in force, a *mandamus* to compel the overseer to exert the power thus given him ought to issue. *Whitenack* v. *Bernards, ubi supra; State* v. *Elkinton,* 1 *Vroom* 335; *State* v. *Holliday,* 3 *Halst.* 205.

But that section does not remain in force, having been repealed by a supplement to the Road act, approved March 23d, 1883. *Pamph. L., p.* 165. By this repeal the power of the overseer in this township to compel the inhabitants to work this road, has been taken away.

Since, therefore, the overseer has not been furnished with the requisite means to do this work by the inhabitants of the township, and has been deprived of the power formerly possessed to remedy this omission by calling out the inhabitants to do the work, I am of opinion that no duty respecting this road now devolves upon him. The *mandamus* applied for must be refused, and the rule to show cause discharged, with costs.